# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

| | |
|---|---|
| LINDSEY J. CERESINI, individually and as Administratix of the Estate of LINDA JEAN MONROE, deceased,<br><br>Plaintiff,<br><br>v.<br><br>NEFTALI VIGIL GONZALES, an Individual; CRUZ LOGISTICS, INC., a Maryland Corporation; PARCEL DELIVERY EXPRESS, INC., a Maryland corporation; AMAZON.COM, INC., a Delaware corporation, AMAZON.COM SERVICES, LLC, a Delaware LLC; and AMAZON LOGISTICS, INC., a Delaware corporation,<br><br>Defendants. | CIVIL ACTION NO.: 3:21-CV-40 (GROH) |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

### I.     INTRODUCTION

Pending before the Court is Plaintiff Lindsey J. Ceresini's Motion [ECF No. 107] to Compel Discovery, filed on January 25, 2022.[1] On February 8, 2022, Defendant Amazon filed a response brief [ECF No. 129], and on February 15, 2022, Plaintiff filed a reply brief [ECF No. 132]. On February 24, 2022, the Court held an evidentiary hearing and oral argument on Plaintiff's Motion. The matter is now ripe for review. For the reasons that follow, Plaintiff's Motion [ECF No. 107] to Compel is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] On January 26, 2022, Chief Judge Groh entered an Order [ECF No. 111] of Referral on the Motion.

## II.    BACKGROUND

Plaintiff brought suit against Amazon and several other defendants in a wrongful death action involving a fatal car crash allegedly caused by a DDU[2] driver (Defendant Gonzales) transporting Amazon goods traveling within the Amazon Delivery Network. According to the parties, DDU drivers are "middle mile" drivers in the Amazon delivery network that pick up Amazon packages at Amazon facilities and deliver them to specific locations, such as United States Postal Service locations, for further delivery by last mile carriers. Defendant Gonzales was employed by Cruz Logistics, an Amazon delivery contractor, at the time of the accident. Plaintiff asserts one count of negligence against Amazon under a theory of vicarious liability. A second count of negligence is asserted against Amazon based on a claim of joint venture.

On June 14, 2021, Plaintiff served Amazon with 72 Requests for Production pursuant to Federal Rule of Civil Procedure 34. Subsequently, the parties entered into two written stipulations extending the deadline for Amazon's response to August 16, 2021. Although no additional written stipulations were agreed to between August of 2021 and January of 2022, the parties were in recurring contact trying to reach satisfactory compromises on the language and scope of Plaintiff's requests. Nearly five months later, on January 6, 2022, Amazon officially responded to Plaintiff's Requests for Production, objecting to all but 2 of the 72 Requests and producing 144 pages of

---

[2] "DDU" stands for Destination Delivery Unit.

documents. By mid-January, the parties were able to reach agreements on all but three requests for production: 18, 19, and 61.

### III.   CONTENTIONS OF THE PARTIES

Plaintiff first argues that Amazon has waived its objections to her Requests for Production by failing to timely raise them pursuant to Local Rule of Civil Procedure 26.04(a)(1), which provides that objections to discovery that are not filed within the allotted response time are waived. As to this argument, Defendant Amazon counters with a similar procedural argument that Plaintiff's Motion to Compel is untimely under Local Rule of Civil Procedure 37.02(b), which provides that a motion to compel is deemed waived if it is not filed within thirty days after the discovery response was due.

The remainder of the parties' arguments thus focus on the relevance and proportionality of Requests 18, 19, and 61 under the standard set forth in Federal Rule of Civil Procedure 26(b)(1). Plaintiff seeks an order compelling Amazon to respond to her amended Requests for Production, while Amazon stands on its objections to the relevancy and proportionality of the discovery requested.

### IV.   DISCUSSION

#### A.   Waiver of Defendant's Objections and Plaintiff's Motion to Compel

Plaintiff argues that Amazon has waived its objections to her Requests for Production by failing to timely raise them pursuant to Local Rule of Civil Procedure 26.04(a)(1). Defendant Amazon argues in response that Plaintiff's Motion to Compel is untimely under Local Rule of Civil Procedure 37.02(b) and should therefore be denied.

### 1. Timeliness of Defendant's Objections

Local Rule of Civil Procedure 26.04(a)(1) provides that objections to discovery "that are not filed within the response time allowed by the Federal Rules of Civil Procedure, the scheduling order(s) or stipulation of the parties pursuant to Fed. R. Civ. P. 29, whichever governs, are waived unless otherwise ordered for good cause shown." A court may excuse a failure to timely object if it finds good cause shown. Wilhelm v. Cain, 2011 WL 128568, at *4 (N.D.W. Va. Jan. 14, 2011); see also Harvey v. Ranson Golden Horseshoe, Inc., 2015 WL 13755073, at *3 (N.D.W. Va. Nov. 20, 2015) (finding good cause to excuse untimely objections and avoid waiver).

Amazon's objections to Plaintiff's requests for production were due on August 16, 2021, by stipulation of the parties. Amazon provided its response with objections on January 6, 2022. However, during this interim, the parties continuously worked together, and Plaintiff implicitly allowed a delayed response. It was not until late December of 2021 when the parties seemed to have reached an impasse, at which point Plaintiff demanded that Amazon produce the requested information. This Court encourages good-faith efforts between attorneys to resolve discovery disputes. Thus, the Court finds good cause for the delayed objections as both parties were attempting to work out their discovery disagreements.

### 2. Timeliness of Motion to Compel

Local Rule of Civil Procedure 37.02(b) provides that a motion to compel is deemed "waived if it is not filed within thirty days after the discovery response … was due, which date is determined in accordance with a rule or by mutual agreement among

the parties, unless such failure to file a motion was caused by excusable neglect or by some action of the nonmoving party."

The last stipulated written extension for Defendant Amazon to respond to Plaintiff's discovery requests was August 16, 2021. As previously mentioned, the parties continuously worked together after this deadline, and Plaintiff, believing responses to be forthcoming, implicitly allowed a delayed response. It was not until late December of 2021 when the parties seemed to have reached an impasse, at which point Plaintiff demanded that Amazon produce the requested information. After producing some documents on December 28, 2021, Amazon provided its formal written response with objections to Plaintiff's Requests for Production on January 6, 2022. Plaintiff filed this Motion to Compel on January 25, 2022, well over thirty days after the stipulated August deadline but within thirty days of Amazon's written response with objections.

In Ayers v. Cont'l Cas. Co., 240 F.R.D. 216, 223-25 (N.D.W. Va. 2007), the court held that Defendant's failure to file a timely motion to compel within the deadline imposed under Local Rule 37.02 was excusable, where the delay in filing the motion was due to negotiations with opposing counsel regarding supplemental responses. See also Essex Ins. Co. v. Neely, 236 F.R.D. 287, 288 (N.D.W. Va. 2006) (holding that failure to file motion to compel within 30 days of deadline did not preclude district court, in its discretion, from deciding a motion on its merits when at least part of the delay was caused by non-movant and when both parties were engaging in good-faith efforts to resolve the disputes).

This Court encourages good-faith efforts between attorneys to resolve discovery disputes. The Court, in its broad discretion, will avoid a strict application of Local Rule

5

37.02(b) in this case and allow the Motion to proceed because the parties were making good faith attempts to confer and negotiate compromises to their discovery disagreements before the filing of this Motion.

In sum, the Court will address the merits of Plaintiff's Motion to Compel, and Defendant's objections to Requests 18, 19, and 61 will not be deemed waived.

**B.     Plaintiff's Requests for Production**

Plaintiff seeks a court order compelling Amazon to respond to her amended Requests for Production 18, 19, and 61.

When a party fails to make requested disclosures or discovery, the requesting party may file a motion to compel. Fed. R. Civ. P. 37(a)(1). On such a motion, the party "resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Eramo v. Rolling Stone LLC, 314 F.R.D. 205, 209 (W.D. Va. 2016). Thus, once the moving party has made "a prima facie showing of discoverability," the resisting nonmovant has the burden of showing either: (1) that the discovery sought is not relevant within the meaning of Rule 26(b)(1); or (2) that the discovery sought "is of such marginal relevance that the potential harm ... would outweigh the ordinary presumption of broad discovery." Id. (internal quotation marks omitted). Moreover, "[d]istrict courts generally have broad discretion in managing discovery, including whether to grant or deny a motion to compel." Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., 43 F.3d 922, 929 (4th Cir. 1995)).

"[T]he discovery rules are given a broad and liberal treatment." Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992). "Parties may obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Relevance is not, on its own, a high bar." Va. Dep't of Corrs. v. Jordan, 921 F.3d 180, 188 (4th Cir. 2019). As such, information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Federal courts have long understood that "[r]elevancy for discovery purposes is defined more broadly than relevancy for evidentiary purposes." Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 199 (N.D. W. Va. 2000).

Information sought is relevant if it "bears on, [or] reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). But discovery, "like all matters of procedure, has ultimate and necessary boundaries." Gilmore v. Jones, 2021 WL 68684, at *3 (W.D. Va. Jan. 8, 2021). Courts must limit the frequency or extent of proposed discovery if it is "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). Although Rule 26(b)(1)'s relevance inquiry does not, itself, pose a "high bar," its proportionality requirement mandates consideration of multiple factors in determining whether to allow discovery of even relevant information. Jordan, 921 F.3d at 188–89. These factors include: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

After discussions with Amazon, Plaintiff has agreed to modify its original requests for production to narrow the scope of the requests. Thus, the Court will proceed

7

analyzing the relevancy and proportionality of the <u>amended</u> requests under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

### 1. Requests for Production 18 and 19

Amended Request for Production 18 states: "Please produce a list of all complaints/civil actions naming Amazon as a defendant for the period of January 1, 2018 to December 31, 2020 where it was alleged that DDU drivers were involved in a collision causing injury or death." Amended Request for Production 19 states: "Please produce a list of claimants with last known addresses or the first item in the claims file advising Amazon of a claim made against Amazon for the period of January 1, 2018 to December 31, 2020 where it was alleged that DDU drivers were involved in a collision causing injury or death."

Plaintiff asserts the claims of negligence and joint venture through a theory of vicarious liability against Amazon for the alleged acts and omissions of Defendants Parcel Delivery Express, Cruz Logistics, and Neftali Vigil Gonzales, all part of Amazon's DDU middle mile delivery network. Plaintiff has alleged that Amazon exercises substantial control of its DDU drivers including the defendants in this case and argues that proving this control is an important part of Plaintiff's claims against Amazon. Plaintiff contends it is likely that information relating to the issue of control will be found in the complaints filed against, and claims asserted against, Amazon relating to DDU drivers involving accidents containing allegations of injury or death. Further, Plaintiff notes that knowledge of safety concerns regarding Amazon's DDU drivers is relevant to Plaintiff's claim for punitive damages. At oral argument, Plaintiff represented that she was interested in comparing these cases with her own, to see if Amazon has made similar

representations, what positions Amazon has taken, and the arguments other plaintiffs have made as well as the evidence they had against Amazon.

The only essential difference between Requests 18 and 19 is that Request 18 involves formal lawsuits filed against Amazon and Request 19 involves claims brought against Amazon. Taking into account what Plaintiff seeks from this requested information, the Court finds that Request 18 is more relevant, proportional to the needs of the case, and less burdensome on Amazon than the production sought in Request 19.

By simply requesting lists of the lawsuits and claims filed against Amazon, Plaintiff has agreed to do the brunt of the legwork in finding any relevant information within these cases. Lawsuits may prove more fruitful in discovering relevant information than claims against Amazon. Lawsuits are matters of public record that Plaintiff could access without Amazon's or a third-party's assistance. Furthermore, lawsuits against Amazon that have reached discovery, summary judgment, or trial are far more likely to contain the sort of information, legal theories, and evidence that Plaintiff is seeking for her case against Amazon.

For Request 19, Plaintiff solely seeks a list of claimants with last known addresses or the first document in the claims file for each claimant. This, compared to a list of lawsuits, presents severe limitations to finding relevant information. Documents related to claims asserted against Amazon are not public and would need to come from Amazon via the discovery process. Although information derived from claims may bear some relevance to the case at hand, the information sought in Request 19 is not proportional to the burden of time and expense imposed on Amazon in responding to

the request. Quite simply, the burden and expense of producing documents responsive to Request 19 outweighs its likely benefit. On the other hand, Request 18 is far more likely to lead to relevant information that Plaintiff can access, it is less burdensome for Amazon to respond to,[3] and the benefit of this potential information outweighs such a burden.

Based on the representations and arguments of the parties, Plaintiff's Motion [ECF No. 107] to compel Request for Production 18 is GRANTED, and Plaintiff's Motion [ECF No. 107] to compel Request for Production 19 is DENIED.

As the Court has now compelled Amazon's response to Request 18, Amazon asks the Court to enter a protective order under Federal Rule of Civil Procedure 26(c)(1).[4] See ECF No. 129 at 13-16. Considering that Request 18, as amended by Plaintiff, is sufficiently limited in scope, no further limitation by way of a protective order is required. Furthermore, Amazon has not met its burden of persuasion in demonstrating to the Court that cost shifting the expense of Request 18 is appropriate in this case. Defendant Amazon shall produce all information responsive to Request 18 on or before March 11, 2022.

## 2. Request for Production 61

Amended Request for Production 61 states: "Please produce all documents related to communications by Amazon corporate officers, including, but not limited to, telephonic, text, email, tweets, and press releases to any US Senator or, Congressman

---

[3] According to Amazon, there are far more claims asserted against Amazon than there are lawsuits, making Request 19 more burdensome than Request 18. See ECF No. 129 at 11.

[4] Pursuant to Federal Rule of Civil Procedure 26(c)(1), "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including...(B) specifying terms including . . . allocation of expenses, for the disclosure or discovery … [and] (D) limiting the scope of disclosure or discovery to certain matters."

or Congresswoman, related to Amazon's efforts to improve delivery safety for its Delivery Service Partners and their drivers between October 1, 2017 and September 20, 2020."

Plaintiff asserts Request 61 is relevant as it seeks information regarding safety standards that Amazon agreed to assume for its DSP drivers, including DDU drivers. Evidence regarding the same, Plaintiff argues, could provide information regarding Amazon's control over its DDU drivers, which Plaintiff offers is relevant to her claims. Lastly, Plaintiff believes this Request could provide evidence of acts supporting a joint venture.

The request, as written, is not proportional to the needs of Plaintiff's case. However, pursuant to Federal Rule of Civil Procedure 26(c)(1), the Court will exercise its authority to further limit the scope of this discovery request so as to remedy the issue of proportionality. As such, the Court will GRANT Plaintiff's Motion [ECF No. 107] to compel Request for Production 61, and the Court will modify Request 61 as follows:

> Please produce any responses made by Amazon to an inquiry from a U.S. Senator, Congressman, or Congresswoman, related to Amazon's efforts to improve delivery safety for its Delivery Service Partners and their drivers between September 12, 2019 and September 14, 2020.

Defendant Amazon shall produce all information responsive to the Court's modified version of Request 61 on or before March 11, 2022, and shall bear the cost of doing so.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Motion [ECF No. 107] to compel is **GRANTED as to Request for Production 18 and 61** and **DENIED as to Request for Production 19**. In accordance with Federal Rule of Civil Procedure 37(a)(5)(C), each party shall bear its own attorney's fees and costs incurred as a result of the motion.

Any party may, within fourteen (14) days of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. Fed. R. Civ. P. 72(a). A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to provide a copy of this Order to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**Dated: March 3, 2022**

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE